```
UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF INDIANA
     INDIANAPOLIS DIVISION
```

| | |
|---|---|
| KEVIN BARBER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 1:14-cv-305-SEB-MJD |
| | ) |
| MICHAEL DIEKHOFF, | ) |
| Police Chief, Bloomington Police Department, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting Motion to Dismiss
and Directing Issuance of Final Judgment**

The sole claim remaining in this civil rights action is against Bloomington, Indiana Police Chief Michael Diekhoff. The claim against Chief Diekhoff is asserted pursuant to 42 U.S.C. § 1983 and is based on his supervisory position rather than on his individual conduct in the incident forming the basis of the lawsuit.

Chief Diekhoff has filed a motion to dismiss based on Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Rule 12(b)(6) authorizes dismissal of claims for "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Nonetheless, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

The plaintiff sues Chief Diekhoff based on the following allegations: Plaintiff and Kenneth Simpson were formerly roommates at a leased premises in Bloomington, Indiana. On or about March 6, 2012, Simpson entered that premises by removing or breaking a screen window. Simpson proceeded to look for firearms, and upon finding none, rummaged through some of the plaintiff's personal belongings. The Bloomington Police were called, but neither aided Simpson in his search nor arrested him based on the manner in which he had gained entry into the premises. Chief Diekhoff, though not present at the scene and not alleged to have knowledge of the activity, is the administrative supervisor of the Bloomington Police Department.

The plaintiff invokes 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The claim falters at this point. The Bloomington Police Department, whether in the person of Chief Diekhoff or otherwise, had no obligation to arrest Simpson and owed the plaintiff no duty to do so even if it could be thought that probable cause existed for it to do so. *Hoffa v. United States,* 385 U.S. 293, 309-10 (1966). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See*

*Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

Apart from the foregoing deficiency, moreover, the plaintiff's theory of Chief Diekhoff's liability is flawed. Chief Diekhoff was not personally involved in the incident which forms the basis of the plaintiff's claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault. It "does not establish a system of vicarious responsibility." *Burks v. Raemisch,* 555 F.3d 592, 593 (7th Cir. 2009). Thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). No allegation of that nature is made and no plausible inference to that effect is supported by the allegations which are made.

Chief Diekhoff's motion to dismiss [dkt 28] is **granted.**

The above ruling resolves the last claim in the case. Final judgment consistent with this ruling and with the prior rulings dismissing other claims as legally insufficient shall now issue.

IT IS SO ORDERED.

Date:  05/06/2015

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN M. BARBER
230855
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel